UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
TRUSTEES of the LOCAL 813 PENSION  :
TRUST FUND, :
 :
  **ORDER**
               Plaintiffs, :
 :
  No. 24-CV-6479-JRC
       -against- :
 :
ASTORIA RUBBISH REMOVAL COMPANY, :
INC., *et al.*, :
 :
               Defendants. :
 :
------------------------------------------------------------------ x

**JAMES R. CHO, United States Magistrate Judge:**

Plaintiffs, the Trustees of the Local 813 Pension Trust Fund (the "Fund"), commenced this action in their capacities as fiduciaries against three parties: (1) Astoria Rubbish Removal Company, Inc. ("Astoria"); (2) fictitious entities XYZ Corporations 1-10; and (3) fictitious individuals John and Jane Does 1-10 (collectively "defendants"). *See generally* Compl. (Dkt. 1). Specifically, plaintiffs seek to recover withdrawal liability in the amount of $150,408 owed to the fund pursuant to 29 U.S.C. § 1451(a)(1), interest accruing at 1.5 percent per month, and liquidated damages equal to the greater of the accrued interest or 20 percent of the accelerated withdrawal liability. Currently pending before this Court is plaintiffs' motion for expedited discovery under Rule 26(d)(1) of the Federal Rules of Civil Procedure, seeking permission to serve a subpoena upon parties to determine the identities of the unknown corporations or individuals that may have been under Astoria's common control and are jointly and severally liable for the monies owed. For the reasons set forth below, this Court grants plaintiffs' motion for leave to take discovery prior to holding a Rule 26(f) conference.

## BACKGROUND

The Fund is a jointly-administered, multi-employer, labor-management fund established and maintained pursuant to collective bargaining agreements. Compl. ¶ 8. Plaintiffs administer the Fund from Long Island City, New York. *Id.* Astoria is a corporation with its principal place of business in Astoria, New York, while the fictitious entities and individuals are believed to be under Astoria's common control.[1] *Id.* ¶¶ 10-12.

As a party to the collective bargaining agreement, Astoria was required to remit contributions to the Fund for employees performing covered work. *Id.* ¶ 13. In January 2024, Astoria notified the Fund that it would permanently cease all operations at the end of the month. *Id.* ¶ 14. Pursuant to 29 U.S.C. §§ 1399(b)(1) and (c)(1), plaintiffs notified Astoria by letter on April 8, 2024, that it had effectuated a complete withdrawal from the Fund as of January 26, 2024, and provided it with a calculation of the resulting withdrawal liability and a schedule of payments. *Id.* ¶15. The letter notified Astoria, pursuant to 29 U.S.C. § 1399(c)(5)(B), that plaintiffs had exercised their right to accelerate Astoria's withdrawal liability and that Astoria was required to immediately remit the $150,408 in accelerated withdrawal liability. *Id.* To date, Astoria has not made any payments to the Fund and has not requested a review of the assessment or commenced arbitration pursuant to 29 U.S.C. §§ 1399 and 1401. *Id.* ¶16.

On September 16, 2024, plaintiffs filed the underlying action seeking relief from three parties: (1) Astoria; (2) unknown corporations exercising common control of Astoria; and (3) unknown sole proprietorships exercising common control of Astoria. Compl. ¶¶ 22, 26, 30. Plaintiffs seek the following damages from defendants: (1) $150,408 in accelerated withdrawal

---

[1] *See* 29 U.S.C. § 1301(b)(1) (discussing that all "trades or businesses" under "common control" with an employer that has withdrawn from a multiemployer pension plan are jointly and severally liable for the employer's withdrawal liability).

2

liability; (2) interest accruing at 1.5 percent per month; and (3) liquidated damages equal to the greater of the accrued interest or 20 percent of the accelerated withdrawal liability. *Id.*

On October 16, 2024, Astoria having not appeared, plaintiffs requested a certificate of default against Astoria and the Clerk of the Court noted Astoria's default on October 17, 2024. Dkts. 6, 8. Before the Court is plaintiffs' motion for discovery in which plaintiffs request leave under Rule 26(d)(1) of the Federal Rules of Civil Procedure to conduct discovery prior to filing a motion for default judgment. Dkt. 7 (renewed at Dkt. 11). Specifically, plaintiffs request leave to subpoena documents and information necessary to identify the fictitious parties that plaintiffs allege are jointly and severally liable for Astoria's withdrawal liability. Dkt. 7 at 2. If plaintiffs identify additional parties through this discovery, they anticipate moving to amend the Complaint. *Id.*

On November 1, 2024, the undersigned held a motion hearing where Thomas Torto participated on behalf of the estate of Joyce Gajeski Dorish ("Joyce"), the deceased owner of defendant Astoria. Mr. Torto advised the Court that, to date, no executor for the estate had been approved and he had not been formally retained as counsel for the estate. *See* Min. Entry dated Nov. 1, 2024. The Court ordered plaintiffs to attempt to obtain the requested documents and information voluntarily, through counsel, from Joyce's daughter, Wendi Dorish ("Wendi"). *Id.*

On December 6, 2024, plaintiffs filed a letter advising the Court that they were unable to obtain the requested information. Dkt. 11 at 1. Plaintiffs renewed their request for leave to serve a subpoena on Wendi, who had power of attorney for Joyce. *Id.*

## LEGAL STANDARD

Under Rule 26(d)(1) of the Federal Rules of Civil Procedure, a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . .

3

by court order." Fed. R. Civ. P. 26(d)(1).  When considering whether to grant a motion for early or expedited discovery prior to a Rule 26(f) conference, courts apply a "flexible standard of reasonableness and good cause." *Strike 3 Holding, LLC v. Doe*, No. 20-CV-4501, 2021 WL 535218 at *1 (E.D.N.Y. Feb. 12, 2021) (quoting *Next Phase Distribution, Inc. v. John Does 1-27*, 284 F.R.D. 165, 171 (S.D.N.Y. 2012)).

Courts in the Second Circuit have applied a five-factor test from *Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010), when deciding whether expedited discovery is appropriate. *See*, *e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 19-CV-5818, 2019 WL 5459693 (S.D.N.Y. Oct. 9, 2019).  The test asks courts to consider:  (1) the plaintiff's ability to make out a *prima facie* claim of actionable harm; (2) the specificity of the discovery request; (3) the absence of alternative means to obtaining the information sought in the subpoena; (4) the need for the information sought in order to advance the claim; and (5) the defendant's expectation of privacy.  *See Arista*, 604 F.3d at 119.  Although *Arista* applied the five-factor test in the context of a motion to quash a subpoena already issued, notwithstanding the different procedural posture here, courts still apply these factors.  *See Strike 3 Holdings*, 2021 WL 535218 at *4 ("This Court finds that a Rule 26(d)(1) motion should be analyzed in light of the reasonableness and good cause standard incorporating the *Arista* factors. . . .").

### DISCUSSION

Plaintiffs' request for discovery satisfies the *Arista* factors.  First, plaintiffs have made a concrete showing of a *prima facie* case of actionable harm.  Specifically, plaintiffs have established that they assessed the accelerated withdrawal liability, and that no payment was remitted to the Fund.  Dkt. 7 at 2.  Further, plaintiffs believe that defendant may be judgment

proof and, therefore, wishes to identify other potentially responsible parties in order to secure judgment. *Id.* at 1.

Second, plaintiffs have made a discovery request to subpoena certain information from Wendi, who plaintiffs believe may have information regarding Joyce's ownership interest in other businesses. Dkt. 11 at 1. A subpoena is "sufficiently specific" where there is a "reasonable likelihood that the discovery request would lead to identifying information that would make possible service upon particular defendants who could be sued in federal court." *Watson v. NY Doe 1*, No. 19-CV-533, 2023 WL 6540661, at *3 (S.D.N.Y. Oct. 6, 2023) (quoting *Sony Music Entertainment Inc. v. Does 1-40*, F. Supp. 2d 556, 566 (S.D.N.Y. 2004)). Plaintiffs believe that, at the time of Astoria's withdrawal from the Fund, Joyce was Astoria's sole owner. Dkt. 7 at 2. Plaintiffs further claim that, based on publicly-available information, Joyce is the owner of several parcels of real estate that she operated as trades or businesses within the meaning of 29 U.S.C. § 1301(b)(1). Dkt. 7 at 2. Now deceased, Joyce appointed her daughter, Wendi, as her power of attorney and co-executor of her estate. *Id.* at 2-3. Plaintiffs intend to subpoena the requested information from Wendi. *Id.* at 3. Namely, plaintiffs request leave to subpoena Joyce's tax returns and documents sufficient to identify any income-producing activities in which Joyce had an interest, including the various parcels of real property she owned during her lifetime. Dkt. 11 at 1-2. This information will aid plaintiffs in identifying the parties whose identities are not currently known to plaintiffs. Dkt. 7 at 1. Accordingly, this factor is also satisfied as the request is sufficiently detailed. *See Trustees of Loc. 1034 Pension Tr. Fund v. Scepter Limousine Serv., Inc.*, No. 23-CV-5456, 2023 WL 7222713, at *3 (E.D.N.Y. Nov. 2, 2023) (finding plaintiffs' request for leave to subpoena documents to identify unknown

5

corporations or individuals that may have been under a corporation's common control to be adequately specific).

Third, plaintiffs allege that they do not have alternative means of obtaining the identities of the unidentified putative defendants. Dkt. 7 at 3. Plaintiffs have attempted to obtain the information from Mr. Torto who participated in the November 11, 2024, motion hearing. *See* Dkt. 11. Plaintiffs, however, were unable to gather the requested information from Mr. Torto as he did not represent Joyce's estate, its executors, or Wendi. *Id.* at 2. Further, plaintiffs argue that the documents and information they request "are solely within the possession of the parties the [plaintiffs] request leave to subpoena." Dkt. 7 at 3. As such, plaintiffs have demonstrated the absence of alternative means to obtaining the information sought in the subpoena.

Fourth, plaintiffs have demonstrated that there is a central need to obtain the identities of the unknown parties to advance plaintiffs' claim. *Id.* at 1. Otherwise, plaintiffs would need to obtain a default judgment against defendant before they may seek discovery regarding the unknown parties' identities. *Id.* at 3.

Fifth, and finally, the Court is not aware of any reasonable expectation of privacy that would apply specifically to the unidentified putative defendants. *See id.* at 3. Courts have permitted parties to subpoena tax records in this context. *See, e.g.*, *Cent. States, Se. & Sw. Areas Pension Fund v. GWT 2005 Inc.*, No. 06-CV-01205, 2009 WL 3255246 (N.D. Ill. Oct. 6, 2009). Further, plaintiffs have demonstrated that Joyce's tax returns are important to identifying the unidentified defendants and that there are not alternative means of accessing the documents.

Any concerns with the scope of the subpoena can be raised in a motion to quash. To the extent that Mr. Torto raised privacy concerns regarding Joyce's tax returns, *see* Dkt. 11-2 at 3, those records could be produced subject to a confidentiality order.

6

Plaintiffs contend that expedited discovery is the "most efficient resolution of this matter" because they will need to retrieve these same documents during judgment enforcement proceedings. Dkt. 7 at 3. Plaintiffs have also included a proposed schedule and outlined their next steps in the event that the motion is granted. *Id.* Such steps would streamline the case and prevent unnecessary document requests in the future. For these reasons, these factors weigh in plaintiffs' favor.

## CONCLUSION

Based upon the foregoing, the Court grants plaintiffs' motion for discovery, Dkt. 7 (renewed at Dkt. 11). By October 1, 2025, plaintiffs shall serve a copy of this Order on Thomas Torto and file proof of service on ECF.

**SO ORDERED**

Dated: Brooklyn, New York
September 26, 2025

s/ James R. Cho
James R. Cho
United States Magistrate Judge
